IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| | Respondent, | No. CR S-07-0088 FCD GGH P |
| | vs. | |
| SABAS MIRAMONTES, | | |
| | Movant. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

*Introduction and Summary*

    Movant, Sabas Miramontes has filed a 28 U.S.C. § 2255 motion raising one claim with two inconsistent aspects: his attorney(s) were ineffective either with respect to plea advice regarding the applicability of the "safety valve" (exception to mandatory minimum sentence), and/or for not arguing at sentencing, or otherwise convincing the sentencing judge that he would be eligible for the "safety valve," and that such deficient advice renders his plea/sentence unlawful.  The claim is internally inconsistent in that Miramontes asserts that his plea attorney was evidently ineffective for convincing him to plead guilty pursuant to a plea bargain where the attorney erroneously believed the safety valve would apply, but that his sentencing attorney was ineffective for not correcting the "error" in the pre-sentence report which, if corrected, would have made application of the safety valve mandatory.

1

Miramontes has also sought relief on much the same basis as set forth above pursuant to 18 U.S.C. § 3582(c) – giving the district court the ability to resentence an imposed prison sentence if a defendant's Guidelines range had been subsequently lowered by the Sentencing Commission.

As the following demonstrates, Miramontes is entitled to relief under neither alternative, and under neither statutory basis.[1]

*Facts*

Miramontes was indicted in a superseding indictment, along with a number of other defendants, on January 24, 2008.  He was alleged in Count 1 to have conspired to distribute methamphetamine (10 years to life), and in Count 5 for actual distribution (20 year maximum).  The case proceeded to trial against some defendants; Miramontes pled guilty on May 9, 2008 pursuant to a plea agreement.  Sentencing was continued several times, but on the final date set, September 29, 2008, defense counsel (Shon Northam) indicated that he had incompletely prepared.  At Miramontes' request, "new" counsel was appointed (Donald Dorfman) on the subsequent status date (October 6, 2008).  Dorfman's appearance was somewhat unusual in that he had initially been Miramontes lawyer and had been replaced by Shon Northam early in the proceedings.  Dorfman indicated that he was ready for sentencing that day he was appointed, was familiar with the facts of the case, and had personally advised Miramontes with respect to the sentencing.

Sentencing therefore proceeded on October 6.  The primary issue at sentencing involved the use of one prior conviction of DUI (see footnote 2, infra) for Miramontes.  It so happened that Miramontes was on court probation for that misdemeanor conviction at the time he committed the federal drug offense.  The criminal history was calculated as one point for the DUI, and two points for having committed the sentencing offense while on probation for another

---

[1] The undersigned appreciates the helpful briefing of the assigned Assistant United States Attorney.

offense – giving him a criminal history category of II.  With a Guidelines offense level of 33 and Criminal History II, the Guidelines indicated that the low end of the sentencing range (the plea agreement bound the government to recommend the low end) was 151 months.  The Category II criminal history made Miramontes ineligible for the "safety valve," i.e., making it not possible for Miramontes to be sentenced to less than the mandatory minimum ten years.   Stymied on not being able to argue for the safety valve, Dorfman sought an overall downward departure for the reason that the criminal history, as calculated, overstated the seriousness of Miramontes' criminal record.  The request for departure was denied, and taking into account all pertinent statutory factors for sentencing, Miramontes was ultimately sentenced to 151 months among other terms.

The government does not seek to enforce that provision of the plea agreement in which Miramontes had agreed not to seek recourse to a post-judgment collateral attack.  Therefore, the undersigned will turn to the merits.

*Discussion*

A. Miramontes' Guidelines Computation Was Correctly Performed

Miramontes believed, at least in one portion of his motion, that he was entitled to consideration of a newly enacted amendment to the Sentencing Guidelines which indicated what misdemeanor offenses were to be counted, and which were not.  He relies specifically on Amendment 709, effective November 1, 2007, insofar as that amendment was pertinent to § 4A1.2(c).

One prior conviction was counted in Miramontes Guidelines calculation – a 2006 violation of Cal. Vehicle Code § 23152(b), driving a motor vehicle with a blood alcohol level of .08% or more.  Miramontes was sentenced on this misdemeanor to two days jail and three years probation.  PSR 49.  In California law, the conviction is a misdemeanor with a maximum potential penalty of six months in jail and five years probation.  Cal. Vehicle Code §§ 23536, 23568, 23600(b)(1).  The pre-sentence report gave Miramontes one point for the conviction and two points for having committed the federal drug offense while on probation; the resultant

3

1  criminal history category was II.  PSR at paras 49-54.

2  Guidelines 4A1.2(c) provides that misdemeanor and petty offenses *are* counted
3  for purposes of calculating criminal history.  Certain exceptions exist: (1) where a defendant
4  received a conviction for certain listed offenses and received a sentence on the previous offense
5  [unrelated to the instant offense] of *less than* 30 days imprisonment, *or* probation of one year *or*
6  *less*; (2) where the conviction is for designated minor offenses, e.g., minor traffic infractions, or
7  similar offenses to those designated.  As set forth above, Miramontes believes that his DUI
8  conviction is a "minor" traffic offense not countable at all pursuant to § 4A1.2(c)(2).  However,
9  the offense of driving under the influence (DUI)[2] is not a minor traffic *infraction*, nor is it
10 analogous to any other offenses listed in § 4A1.2(c)(2), nor is it an excepted offense in §
11 4A1.2(c)(1), or analogous to one listed.

> Convictions for driving while intoxicated or under the influence (and similar offenses by whatever name they are known) are counted.  Such offenses are not minor traffic infractions within the meaning of § 4A1.2(c).

14 Guidelines, *Commentary, Application Notes*, 4A1.2, n.5
15 See also United States v.Pando, 545 F.3d 682, 684-685 (8th Cir. 2008); United States v. Cruz-
16 Mendoza, 147 F.3d 1069, 1071 (n.3), *amended* 163 F.3d 1149 (9th Cir. 1998).  Thus, all DUI
17 misdemeanor convictions are counted, and the conviction here would be eligible for one (1)
18 point.  Guidelines § § 4A1.1(c), 4A1.2(c).  Even if a DUI conviction would be considered
19 analogous to an offense listed in § 4A1.2(c)(1) (and it is not), because Miramontes was sentenced
20 to a term of probation in excess of one year, the misdemeanor is counted.  If the present federal
21 offense was committed while on *any* probation (and it was), two additional points are added to
22 the criminal history calculation, § 4A1.1(d).  Miramontes correctly received three (3) criminal

---

[2] In terms of violating the alcohol related driving offenses, California law makes no offense distinction between impaired driving under the influence of alcohol, § 23152(a), and § 23152(b) driving with a blood alcohol level of .08% or more. Only the elements to prove each offense are different.  For Guidelines purposes the offenses are treated similarly. See United States v. Thornton, 444 F.3d 1163, 1166 (9th Cir. 2006).  For purposes of these Findings and Recommendations, the undersigned will refer to the conviction as one for DUI.

history points.

Miramontes is mistaken in his belief that the November 2007 Amendment 709 changed the use of DUI convictions in criminal history calculations. This Amendment, in pertinent part: made fish and game offenses and local ordinance violations a part of the offenses that never counted in the criminal history calculation; it also changed the counting criteria for probation from one year to more than one year; finally, it resolved a circuit conflict regarding how to measure the similarity of offenses. Nothing in the Amendment touched upon the use of DUI convictions. This is seen as well by the above case authority which preceded and succeeded the November 2007 Amendment.

Miramontes is simply mistaken in his belief that the misdemeanor conviction did not validly count in his criminal history calculation, or that three (3) points was not the appropriate criminal history score.

B. Miramontes Was Not Entitled to the Safety Valve Computation

Congress enacted the safety valve to mitigate the harshness of the mandatory minimum sentences where the background of the defendant, circumstances of the crime committed, and cooperation of the defendant with the government indicated that imposition of the mandatory minimum was excessive. 18 U.S.C. § 3553 (f). See also United States v. Mejia-Pimental, 477 F.3d 1100 (9th Cir. 2007) (application of safety valve is mandatory if conditions are met). Five statutory requirements are to be satisfied before a defendant is eligible for the safety valve – the one most pertinent here mandated that the defendant not have more than one criminal history point. Because Miramontes scored three points in his criminal history, he was, and is, ineligible for the safety valve.[3]

The undersigned need not determine, and indeed, speculate, whether the district

---

[3] If Miramontes had been eligible for the safety valve, and had been found to have no criminal history, his Guidelines low end of the sentencing range would have been 108 months, several months below the mandatory minimum of 120 months. The parties agree on this.

5

judge would have found Miramontes ineligible for the safety valve based on the other four factors. While the reasoning of Judge Damrell during sentencing with respect to denying a downward departure can certainly be understood to support the government's position that he would have found Miramontes ineligible on account of his leadership role in the drug offense, the Ninth Circuit has indicated that such extrapolation is to be avoided. Mejia-Pimental, 477 F. 3d at 1109.

### C. Miramontes' Sentencing Attorney Was Not Ineffective[4]

As easily seen from the above discussion, Miramontes' contention that his sentencing attorney (Dorfman) rendered ineffective assistance because he did not "correct" the "error" of failure to apply the safety valve cannot have merit. Taking a legally uncognizable position is not required of defense counsel. See Juan H. v. Allen, 408 F.3d 1262, 1273 (9th Cir. 2005) (attorney not ineffective for not making a meritless motion). Rather, Dorfman took the

---

[4] The traditional test for ineffective assistance of counsel is well established. In Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052 (1984), the Supreme Court held that there are two components to an ineffective assistance of counsel claim: "deficient performance" and "prejudice."

"Deficient performance" in this context means unreasonable representation falling below professional norms prevailing at the time of trial. Strickland, 466 U.S. at 688-89. To show "deficient performance," a petitioner or movant (petitioner) must overcome a "strong presumption" that his lawyer "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Further, petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. The Court must then "determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance." Id. The Supreme Court in Strickland recognized that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. Accordingly, to overturn the strong presumption of adequate assistance, petitioner must demonstrate that "the challenged action cannot reasonably be considered sound trial strategy under the circumstances of the case." Lord v. Wood, 184 F.3d 1083, 1085 (9th Cir. 1999).

To meet his burden of showing the distinctive kind of "prejudice" required by Strickland, a petitioner must affirmatively "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (noting that the "prejudice" component "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair").

only possible, but highly problematic, path to get Miramontes' sentence below the low end of the Guidelines (even though Miramontes had agreed not to take such a position in his plea agreement); Dorfman argued for a downward departure from the Guidelines. See Guidelines, § 4A1.3(b).[5] That such an argument did not persuade the sentencing judge does not indicate ineffective assistance.

### D. Miramontes' Plea Counsel Was Not Prejudicially Ineffective

The plea agreement at 3-4 did refer to the possibility that the safety valve could be applicable, but the parties made no representation that it in fact would be applicable. Thus, there is nothing of record at time of plea indicating that Miramontes was ineligible for this sentencing reduction. Miramontes claims, apparently in the alternative, that his plea counsel (Northam) ineffectively advised him with respect to the plea when Northam essentially told him that the DUI misdemeanor would not count in the sentencing process, and hence implicitly, that the safety valve would be available. At this point, and without evidentiary hearing, the court must assume that this assertion is true.

The government points out that Miramontes never states in his § 2255 motion that he would not have pled guilty had he known that this advice was erroneous. The undersigned has reviewed the motion, and the government is correct. Indeed, Miramontes takes pains to expressly point out that he is indeed guilty of the offense to which he pled. "I pled guilty, because I am guilty of what I entered my guilty plea to." Motion at 4. Miramontes reiterates his guilt in the reply, and only makes an oblique reference to defendants being "lucky" should their counsel fight on in the litigation. Movant is under the mis-impression that the court could resentence him if this motion were to be granted as opposed to the required remedy of

---

[5] However, as observed by the government in its citation to United States v. Hernandez-Castro, 473 F.3d 1004, 1008 (9th Cir. 2007): "Thus, we reaffirm our holding in Valencia-Andrade that district courts have no authority to adjust criminal history points for the purpose of determining eligibility for safety valve relief under 18 U.S.C. § 3553(f)(1), even when the sentencing court concludes that the criminal history calculation overstates the severity of the prior crimes."

withdrawing the plea and proceeding to trial.

The court need not hold an evidentiary hearing to inquire into all the facts regarding plea advice for two related reasons: (1) Miramontes has not asserted that he would not have pled guilty if he had known of the true facts: (2) the sentencing discrepancy, even accepting Miramontes' allegations about being advised that he would receive the safety valve sentence, is insufficient to find that he was prejudiced by his attorney's advice.

When alleging ineffective assistance at the time of plea in a habeas proceeding ( § 2255 motion), the alleged mis-advice must have been such that the defendant demonstrates a reasonable probability that he would not have pled guilty had he known the true situation. Hill v. Lockhart, 474 U.S. 52, 58-59, 106 S.Ct. 366 (1985). This requirement contains an objective component in that the court is not bound to accept a defendant's unadorned subjective conclusion that he would not have pled guilty; something in the record must give rise to a finding of a reasonable probability, e.g.,a colorable defense, the probable unavailability of a witness, weak prosecution evidence and the like. In United States v.Kelly, 902 F.2d 1391, 1394 (9th Cir. 1990), a defendant's never denying his acts and never suggesting that he was not guilty indicated that there was not a reasonable probability that but for error, the defendant would not have pled guilty.

Similarly here, Miramontes' only claim made in the reply characterized as: "who knows, I could have been lucky," if my attorney had fought on, does not meet the standard for establishing a reasonable probability of not pleading guilty but for the asserted error of sentence advisement.

This conclusion is reinforced by the case law which requires a gross disparity from what counsel advised concerning sentence and what the defendant actually received before a defendant is prejudiced by ineffective assistance. Iaea v. Sunn, 800 F.2d 861, 865 (9th Cir. 1990). See Sophantharong v. Palmateer, 378 F.3d 859, 868-869 (9th Cir. 2004) (incorrect prediction that Oregon's "Second Look Statute," awarding a reduction in sentence of up to five

years, could apply was not a gross mischaracterization of sentence); <u>Donganiere v. United States</u>, 914 F.2d 165, 168 (9th Cir.1990) (prediction of not more than a 12 year sentence which proved erroneous when defendant was actually sentenced to 15 years incarceration on one count and a 20 year probation term on another – not a gross mischaracterization); <u>United States v. Perrigo-Haddon</u>, 221 Fed. Appx. 619 (9th Cir.2007) (failure to advise of a potential three year probation as opposed to a one year terms of supervised release not a gross mischaracterization). Compare <u>Riggs v. Fairman</u>, 399 F.3d 1179, 1182-83 (9th Cir.2005) (representation that the maximum exposure was 9 years when the real ultimate exposure (and actual sentence) was 25-life, a gross mischaracterization).

If the safety valve had applied, as both sides agree, Miramontes' Guidelines range would have been 108-135, and his criminal history would have been one (1). The low end of the range of 108 months, albeit less than the mandatory minimum 10 years (120 months), was less than four years (43 months), less than the sentence actually imposed. Under the case law above, this discrepancy, even assuming that the trial judge would have sentenced at the low end of the Guidelines range, is insufficient to show prejudice.

Accordingly, Miramontes cannot demonstrate the prejudice required for a finding of ineffective assistance of counsel. Further, an evidentiary hearing on the first prong would be meaningless given the "no prejudice" finding easily found on the record herein. See <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474, 127 S.Ct. 1933, 1940 (2007).

E. <u>Miramontes Cannot Benefit From 18 U.S.C. 3582(c)(2)</u>

The above statute provides in pertinent part that if a defendant has been sentenced according to a Guidelines range that has been lowered by the Commission pursuant to 28 U.S.C. § 994(o), the court may reduce the defendant's sentence upon motion. As set forth above, nothing in Amendment 709, even considering the amendment to be a "reduction of the sentencing range," applied to Miramontes case. Therefore, Miramontes cannot be resentenced under § 3582(c).

*Conclusion*

Accordingly, IT IS HEREBY RECOMMENDED that Miramontes' § 2255 motion, or in the alternative, his motion under § 3582(c), should be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 30, 2010

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:gh:035
mira0088.f&r