IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Respondent,      No. CR S-07-0088 FCD GGH P

  vs.

SABAS MIRAMONTES,

   Movant.       <u>ORDER</u>

_____/

   On October 26, 2009, movant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On December 30, 2010, the undersigned issued findings and recommendations that the § 2255 motion should be denied. Movant requested an extension to file objections and filed objections on February 17, 2011. Also on February 17, 2011, movant filed a motion to withdraw his § 2255 motion and file an amended motion, which the undersigned construes as a motion to amend.

   Movant alleges that the § 2255 motion which the undersigned recommended be denied was not written by movant pro se, but by an attorney working with a prison inmate paralegal who allegedly promised success if movant paid a fee. Apparently, movant's sister paid money to the attorney. Petitioner alleges that the parties have repeatedly defrauded other inmates and he was a victim to this fraud.

As a result, movant wishes to file an amended motion, though it is not entirely clear what claims movant would raise in the amended motion. In the motion to amend, it appears he wishes to add another claim or more facts regarding ineffective assistance of counsel from his plea counsel. Or, movant seeks additional time to raise entirely new claims.

Regardless, the undersigned notes that movant only informed the court of the alleged fraud after findings and recommendations were issued that recommended denial and now movant seeks to start the entire process over again with new claims. The undersigned does not know which representations of movant's to believe. While movant presents these allegations regarding the fraud in sworn affidavits under the penalties of perjury, he also submitted his § 2255 motion with a signed and sworn statement that he was proceeding pro se and did not have the money to afford counsel. Now, movant contends that his previous sworn statements were false.

Simply because the claims in the § 2255 motion were recommended denied, movant does not have the automatic right to start the entire process again with new claims. While in certain circumstances the motion to amend would be granted, movant's questionable allegations of fraud do not demonstrate good cause. Moreover, to the extent that movant wishes to raise new claims regarding ineffective assistance of plea counsel, that claim was addressed and denied with great detail in the findings and recommendations (Doc. 333). Movant's new facts, if true, would not affect the reasoning in the findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that movant's motion to withdraw, construed as a motion to amend (Doc. 338) is denied.

DATED: March 9, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: AB
mira0088.ord